UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE EXENDINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-906 CAS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on plaintiff's application for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1)(B). The Commissioner does not object to the request for attorneys' fees.

### *Background*

On June 23, 2008, plaintiff Diane Exendine filed the above-captioned cause of action challenging the denial of her application for disability insurance benefits pursuant to Title II of the Social Security Act. 42 U.S.C. §§ 401 et seq. On March 24, 2010, in an order adopting the Report and Recommendation of United States Magistrate Lewis M. Blanton, the Court reversed the decision of the administrative law judge ("ALJ") and remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel filed the present application for attorney's fees and costs on May 26, 2010.

Plaintiff seeks attorneys' fees for 13.8 hours of work done by attorneys Michael Ferry and Philip Senturia at the rate of $174.62 per hour. Plaintiff also seeks reimbursement for time expended by a paralegal and two case administrators, and the cost of the filing fee. The total amount of fees

and costs sought by plaintiff is Three Thousand One Hundred Seventy-One Dollars and Seventy-Five Cents ($3,171.75).

*Discussion*

The Court finds the award of fees is proper in this case. Section 2412 of the Equal Access to Justice Act (EAJA) provides that a court:

> shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified. Id.

Plaintiff has met all of these requirements in the instant matter. The Court reversed the ALJ's adverse decision and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Supreme Court has stated that "a party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Furthermore, the Commissioner's position was not substantially justified. As detailed in Judge Blanton's Report and Recommendation, it does not appear that the Appeals Council properly considered new evidence of plaintiff's mental impairment.

The Court further finds that plaintiff's application for fees is reasonable as to hours spent on this matter, and that sufficient proof has been submitted to support the request for attorneys' fees in excess of the statutory limit. See McNulty V. Sullivan, 886 F.2d 1074, 1074-75 (8th Cir. 1989). The EAJA provides that attorneys' fees may be awarded in excess of the maximum hourly rate of $125.00 per hour as provided by statute if "the court determines that an increase in the cost of living

or a special factor. . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has held that the Court may increase the limit on attorneys' fees if provided proper proof that reflects an increase in the cost of living. Kelley v. Bowen, 862 F.2d 1333, 1336 (8th Cir. 1988). Plaintiff has submitted substantial proof in support of her request for fees at a rate of $174.62 an hour, for attorney time. The Court will award plaintiff fees in the amount of $2,821.75.

Plaintiff also asks that she be reimbursed $350.00 for the cost of the filing fee. Defendant does not object to the payment of the fee, but notes that it is a cost which is distinguished from an expense under the EAJA. Defendant states, however, that it "agrees [p]laintiff should be compensated for the filing fee of $350.00 from the Judgment Fund administered by the United States Treasury." See Doc. 23 at 1.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for an award of attorney's fees and costs in the amount of Three Thousand One Hundred Seventy-One Dollars and Seventy-Five Cents ($3,171.75) is **GRANTED**. [Doc. 24] The award shall be made payable to Diane Exendine. See Astrue v. Ratliff, __ S. Ct. __, 2010 WL 2346547, at *7 (2010).

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of June, 2010.